TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Oswaldo Pepper

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oswaldo Pepper,<br><br>          Plaintiff,<br><br>     vs.<br><br>Nissan Motor Acceptance Corp.,<br><br>          Defendant. | Case No.:  **'16CV2375 JM   BLM**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF SERVICEMEMBERS CIVIL RELIEF ACT (SCRA), 50 U.S.C. APP. §§ 501-597b**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Oswaldo Pepper, by undersigned counsel, states as follows:

## INTRODUCTION

1. This action arises out of Defendant's violations of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 501-597b, for illegally repossessing Plaintiff's motor vehicle while he was a servicemember on active duty.

2. The purpose of the SCRA is to provide servicemembers such as Plaintiff with protections against civil proceedings that could adversely affect their legal rights while they are performing military service. Among those protections is the requirement that before a lender repossesses a motor vehicle owned by a servicemember, it obtain court approval.

3. Defendant failed to obtain a court order before repossessing Plaintiff's motor vehicle while he was engaged in active military service, and in doing so, prevented Plaintiff from obtaining a court's review of whether Defendant's repossession of Plaintiff's motor vehicle should be prohibited, delayed or adjusted to account for Plaintiff's military service

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 50 U.S.C. App. § 597a.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

6. The Plaintiff, Oswaldo Pepper (hereafter "Plaintiff"), is an adult individual residing at San Diego, California, and was a "servicemember" who was performing "military service" at the time Defendant repossessed his vehicle, as those terms are defined by 50 U.S.C. App. §§ 511(1) and (2).

7. Defendant Nissan Motor Acceptance Corp, ("Nissan"), a business entity with an address of P.O. Box 660360, Dallas, Texas 75266, "is the automotive financial services arm of Nissan North America." *See http://www.nissanusa.com/about/corporate-info* (last visited July 31, 2016). Nissan "offers financing for the complete line of Nissan and Infiniti vehicles sold in the United States." *Id.*

## FACTUAL ALLEGATIONS

8. On or about October 26, 2013, Plaintiff purchased a 2011 Infiniti G37 motor vehicle (the "Vehicle") and obtained financing for such purchase through Defendant.

9. On September 12, 2014, Plaintiff reported to Marine Corps Air Station Miramar, in San Diego, California, for active duty military service.

10. On or about October 20, 2014, Defendant repossessed the Vehicle from Plaintiff without first obtaining a court order.

11. Defendant's illegal repossession of the Vehicle prevented Plaintiff from obtaining a court's review of whether Defendant's repossession of the Vehicle should be prohibited, delayed or adjusted to account for Plaintiff's military service

12. Moreover, Plaintiff left the Vehicle with his wife while he was on active military duty; the Vehicle was her only mode of transportation. As a result of Defendant's illegal repossession of the Vehicle, Plaintiff was required to finance the purchase of an additional vehicle so that his wife would not be stranded while he was performing military service.

## COUNT I
## VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT (SCRA), 50 U.S.C. APP. §§ 501-597b, ET SEQ.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The SCRA provides that "[a]fter a servicemember enters military service, a contract by the servicemember for . . . the purchase of real or personal property (including a motor vehicle) . . . may not be rescinded or terminated for a breach of terms of the contract, occurring before or during that person's military service, nor may the property be repossessed for such breach without a court order." 50 U.S.C. App. § 532(a).

15. Defendant repossessed the Vehicle from Plaintiff, a servicemember, while Plaintiff was performing military service, despite not obtaining court review or approval before doing so, in violation of 50 U.S.C. App. § 532(a)(1).

16. Plaintiff is an aggrieved person who has suffered damages as a direct consequence of the Defendant's illegal actions.

17. Defendant's conduct was intentional, willful, and taken in complete disregard for the rights of Plaintiff as a servicemember.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

- A. A declaration that Defendant's conduct violated the SCRA;
- B. Monetary damages pursuant to 50 U.S.C. App. § 597a(a) against the Defendant;
- C. Punitive damages;
- D. Costs of litigation and reasonable attorneys' fees pursuant to 50 U.S.C. App. § 597a(b) against the Defendant; and
- E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 21, 2016          TRINETTE G. KENT

By: _/s/   Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Oswaldo Pepper